[No. D015749. Fourth Dist., Div. One. Jan. 2, 1992.]

RANCHO BERNARDO DEVELOPMENT COMPANY et al., Petitioners,
v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
OAKS NORTH VILLAS CONDOMINIUM ASSOCIATION, Real Party in
Interest.

■■■■■■■■■■■■■■
■■■■■■■■■■■■■■

COUNSEL

Wingert, Grebing, Anello & Brubaker and Shawn D. Morris for Petitioners.

No appearance for Respondent.

Thomas E. Miller, Michael D. Dicks and Lynde Selden II for Real Party in Interest.

OPINION

**FROEHLICH, J.**—We are called upon by this petition to construe the statutory language of Code of Civil Procedure section 2034, subdivision (i)(2)[1], which limits the amount of the fee an expert witness may charge for the taking of his deposition by an adverse party. The limitation in issue is that the expert may charge no more than "the fee charged the party who retained the expert." Petitioner seeks to reverse a discovery order which denied petitioner's request for relief from allegedly excessive fee charges. Subdivision (i)(2) of section 2034, adopted in 1986 and substantially revised in 1990, has not as yet received judicial interpretation. We issued an order to show cause to the superior court and real party in interest (hereinafter referred to as plaintiff) because we believe the writ petition raises issues of general concern which should receive early resolution. Having now been fully briefed by the parties and oral argument having been waived, we conclude the trial court's order was correct and hence deny the petition. (See 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 118, pp. 753-757.)

BACKGROUND

This is an action by a condominium homeowners association against developers and builders for alleged construction defects. The complex consists of 214 units built in 9 phases. Cross-claims against subcontractors resulted in the joinder of numerous parties. Case pretrial management was assigned to a referee, who has issued detailed orders for discovery. Approximately 124 depositions have been taken, including 50 expert witness depositions. Petitioners represent that their fees, alone, for expert witness depositions have exceeded $20,000. No one disputes that this is a case in which the costs of discovery in general, and of taking depositions of opposing experts in particular, are substantial.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified. To avoid repetition, we omit reference to subparts for section 2034.

The dispute among the parties is not limited to the fees of one expert witness. The motion, however, resulted specifically from the fee claims of one of plaintiff's experts, architect John C. Stevenson. Mr. Stevenson is a person who devotes a considerable portion of his practice to expert investigation, advice and testimony in construction defect cases, and has promulgated a standard fee schedule. Stevenson charges $200 per hour for ordinary services and technical consultation, and $250 per hour for depositions and court appearances. Petitioner offered to pay Stevenson $200 per hour for his time in giving testimony at petitioner's discovery deposition. Stevenson and the plaintiff contend he is entitled to charge the higher $250 fee. Each party contends its position is supported by the wording of section 2034(i)(2).

## DISCUSSION

Section 2034(i) is designed to establish rules of the road for the compensation of experts called by adverse parties to give depositions. The party seeking to take the deposition must advise as to the anticipated length of the deposition, and before commencing the deposition must tender payment of the expert's fee. The fee is to be based upon "the expert's reasonable and customary hourly or daily fee for the actual time consumed . . . ." A further limit is established as to the fee, however, in that it "shall not exceed the fee charged the party who retained the expert . . . ."[2] The dispute here involves the proper interpretation of this limitation. May an expert charge a fee for the giving of deposition testimony higher than the fee he has already charged his client, which was for investigative work only?

Petitioners point out that the obvious purpose of the limiting clause is to prevent experts from gouging opposing parties by charging them higher fees than they charge their own clients. This objective would be undermined, they argue, if experts are permitted to establish separate fee schedules for depositions. An expert is never deposed by his own client, they note. Accordingly, the hiring party will obtain the information and advice needed for the lawsuit at the standard hourly rate of the expert, while the opposing party will be required to obtain the same information at a higher rate. This, petitioners contend, is not what the subdivision was attempting to achieve.

Plaintiff responds by noting that experts customarily charge different fees for different services. Attached to the responding papers are the standard fee schedules of numerous experts who currently render services in construction

---

[2]For purposes of simplicity, we ignore various exceptions to the statutory rules, such as that an expert who donates his time to a charitable institution, and hence charges no fee, may nevertheless charge a reasonable and customary fee to an opposing party.

defect cases. As argued by plaintiff, and not disputed by the petitioners, experts typically will charge a higher fee for testimony, whether given in court or by way of deposition, than they will for investigation or consultation. Mr. Stevenson, in this case, will charge his own client $250 per hour if and when he testifies on that client's behalf. The limitation of the charge to that imposed upon the expert's own client should be that charge which has been or would be made for services similar to those given at the deposition.

## DECISION

It should be noted at the outset that we do not here consider whether this expert's fee was *reasonable*. No matter what an expert elects to charge his own client, his charges to an opposing party must always be reasonable. ■ The question at issue is whether an expert's reasonable charges for testimony can be imposed on an opposing party when his regular charges for nontestimonial services are lesser. We believe that such variations in fee charges are appropriate, and that the expert's charges to an opposing party for deposition testimony can be greater than his standard charges.

In reaching this decision we make two subsidiary determinations. The first is that it is not only customary and usual but also reasonable for an expert to demand higher fees for testimonial service than for other service. The process of giving formal testimony under oath, whether it be in court or by deposition, is an obviously more stressful and tense activity than consulting with your client in his office. The fact that the testimony *is* sworn, and is designed to be preserved for future precise reference, in and of itself makes the service more valuable than other activities of an expert. The existence of several-tier fee schedules, in use by virtually all experts, while perhaps not the ultimate justification for same, at least testifies to the industry consensus in their acceptance.[3]

The second determination is that the statute does not preclude the use of variable fee schedules, nor does it limit the fee for deposition services to whatever lower fee might be charged for investigative services. ■ Statutes should be construed so as to reach reasonable and practical results, consistent with the apparent purpose of the Legislature. (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813

[3]The comment of the trial judge in this case, who for some years has been engaged in the administration of construction defect cases in San Diego, is instructive: "[I]t's been my experience here listening to hundreds of those guys under oath in front of me. They normally charge more for trial testimony than they do for investigation. I don't think it's . . . unreasonable."

[114 Cal.Rptr. 577, 523 P.2d 617].) While a purpose of section 2034(i)(2) was to place a limit on fee charges, nothing in the statute suggests an intention to reduce fees below the otherwise standard and reasonable fee for the service rendered.

■    More important, perhaps, is that we follow the basic maxim that words of a statute are, when unambiguous, to be interpreted literally and given their common and ordinary meaning. (See 58 Cal.Jur.3d, Statutes, § 123, pp. 515-516.)    ■    The entire focus of section 2034(i)(2) is upon the taking of the deposition of an opposing party's expert. The payment required of opposing party is "the expert's reasonable and customary hourly or daily fee for the actual time consumed in the examination of that expert . . . ." Literally, therefore, the statute specifies that the payment shall be at the rate charged by the expert for deposition testimony. The limit imposed by subsequent language of the subdivision is that this shall not exceed the fee charged the party who retained the expert. Knowing, as we do (and presumably as the all-knowing Legislature also knew) that experts customarily charge more for depositions than for other work, it would be nonsensical to limit the testimonial charge to the amount charged for nontestimonial work. The first measure of compensation (the reasonable fee) would always be then reduced by the second measure (the lower rate charged for ordinary services), thus making the first and presumably principal fee definition inoperative.

We therefore decide that the expert called to give deposition testimony by an opposing party under section 2034(i)(2) is entitled to charge his regular rate for deposition work, provided that is a reasonable rate. The only limitation upon this arrangement in terms of fees charged his own client is that such fee be the same as the expert has charged or will charge his own client for testimonial work.

We therefore deny the petition for writ of mandate. In light of the unique question raised, and that its resolution will be of benefit to all parties hereto in clarifying a disputed issue of discovery procedure, we rule that each party shall bear its own costs on appeal.

Kremer, P. J., and Work, J., concurred.

A petition for a rehearing was denied January 27, 1992.